Floridalma ALVAREZ–RIOS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73435.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., John C. Cunningham, Esq., DOJ—U.S. Department Of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM **

Floridalma Alvarez–Rios, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). We deny the petition for review.

Although the IJ noted in passing that Alvarez–Rios' testimony in some respects strained credulity, there was no ex-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plicit adverse credibility determination and thus we take Alvarez–Rios' testimony as true. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 658–59 (9th Cir.2003). Alvarez–Rios did not present sufficient evidence to compel a finding that she suffered past persecution or that she has an objectively reasonable fear of persecution should she return to Guatemala. As the IJ found, Alvarez–Rios' belief that Marcos was killed by guerrillas on account of his political activities was entirely speculative. *See Ochave v. INS,* 254 F.3d 859, 866–67 (9th Cir.2001). Moreover, Alvarez–Rios failed to establish that the guerrillas imputed Marcos' political opinion to her. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002). Alvarez–Rios' fear of future persecution was also undercut by the fact that she lived peacefully in Guatemala for almost three years after Marcos' disappearance. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir. 2003) (noting that ability to relocate to a place of safety within country of origin relevant to whether petitioner's fear of future persecution is well-founded).

Because Alvarez–Rios failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Alvarez–Rios does not challenge the agency's denial of CAT relief, and therefore that claim is waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Alvarez–Rios' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a no-

tice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issue of the mandate.

### PETITION FOR REVIEW DENIED.